## Case No. 8,491.

### LONGWORTH v. TAYLOR.

[1 McLean, 514.] [1]

Circuit Court, D. Ohio. July Term, 1839. [2]

PRACTICE IN EQUITY—AMENDMENT TO BILL—NECESSITY FOR PROCESS—ILLEGAL INTEREST—DECREE—INTEREST PAID.

1. Where a bill is amended, process need not be issued against the defendants, who are in court. Being in court they have notice of the amendment, and are subject to the orders of the court.

[Cited in French v. Stewart, 22 Wall. (89 U. S.) 247.]

2. An agreement to pay illegal interest will not be decreed. But, when such interest has been paid. the court will not decree its repayment.

[Cited in Tufts v. Tufts, Case No. 14,233.]

[Suit in equity by Nicholas Longworth against James Taylor for specific performance of a contract for the purchase of land. For a former hearing of the case, see Case No. 8,490.]

OPINION OF THE COURT. This case was continued from the last term, with leave to the plaintiffs, to make Carneal the assignee of a part of the equity set up in the complainant's bill, a party. The merits of the controversy were fully considered and decided at that term; except a question reserved, whether ten per cent. interest under the agreement should be decreed as the balance due of the purchase money. The bill having been amended by making Carneal a co-complainant, the defendant's counsel object to proceeding in the cause, as no subpoena has been issued since the amendment, or notice served on the defendant. And that the defendant being a resident of the state of Kentucky, no process can be served on him, so as to give jurisdiction to the court, of the new matter inserted by the amendment. The bill in this case was designed to be an injunction bill. An injunction was prayed for and allowed, and was not issued because the writ of possession, which was intended to be injoined, was executed before

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Affirmed in 14 Pet. (39 U. S.) 172.]

the injunction could be obtained. And it is well settled that where the object of a bill is to stay proceedings at law, between the same parties, a service of the notice on the attorney of the party is sufficient. It is true that where process is served, in an original suit, beyond the district, the party may take the exception, and he is not bound to answer; but this, it is said is a personal privilege which he may waive. But in this case no subpoena was issued, and the question arises, whether the complainant was bound to issue one. And this must be determined from the nature and extent of the amendment. Carneal makes no new defendant, and asks no decree against the defendant in court. Being the assignee in part of the equity asserted in the bill, his right is stated, that it may be protected by the court. He does not pray for a decree of conveyance, but is content that the decree shall be for the complainant, subject to the right of the assignee. No new fact is asserted in the amendment, and no answer of the defendant is required; and consequently, it is insisted, no process was required to be issued or served on the defendant. If the service of process were essential, to give effect to the amendment, and the defendant resides beyond the jurisdiction of the court, the court for this reason, as in numerous other cases, would sustain jurisdiction of the cause, without requiring the amendment. The excuse would be sufficient to dispense with Carneal as a party. But was it necessary, by the rule of proceeding in the high court of chancery in England, which constitutes the rule of practice in this case, to issue process. In the case of Angerstein v. Clarke, 1 Ves. Jr. 250, the question was whether upon an amended bill, it is necessary to serve new subpoenas upon the original defendants. The lord chancellor asked the register whether in the common case of an amended bill, upon exceptions, new subpoenas are served? The register answered in the negative, and such was the decision. 4 Ves. 65. After answer, the bill was amended. The defendant being abroad, a motion had been made on the part of the plaintiffs, as of course, that the service of the subpoena on the defendant's clerk should be deemed good service. The register declined drawing up the order. Mr. Thomas, for the motion, distinguished this from cases in which exceptions to the answer being allowed and the bill amended; the usual order is, that the amendments and exceptions shall be answered together. In that case a new subpoena is not necessary, a complete answer not being put in. In this instance the answer was sufficient. The lord chancellor said he understood from the register, that there is no occasion for a subpoena upon an amended bill. In Blake, Ch. Prac. 195, it is said, an amended bill is considered as an original bill, but new subpoenas are not necessary unless where there is a new engrossment of the bill. 2 Madd. Ch. Prac. 287. In 1 Har. Ch. Prac. the rule is stated to be, that after answer the plaintiff may have leave to add parties or amend his bill with respect to them without costs; and so he may in other matters, if he requires no further answer of those that have already answered, and that the defendant be at liberty to answer if he think fit. And in 1 Har. Ch. Prac. 93, it is said a plaintiff may be struck out of the bill any time before hearing, a special order of the court being had for that purpose.

It is clear from the above authorities, and from the reason of the case, that no process was necessary to bring the defendant into court, to answer the amended bill. He was in court and subject to the orders of the court. And as, from the nature of the amendment no answer was required from the defendant, it was, perhaps, unnecessary to enter a rule for answer. But such a rule was entered and no answer has been filed. The court think that as the amendment introduces no new fact, and does not, in any respect, affect the merits of the case, the plaintiff may proceed without answer; and that a subpoena was unnecessary. And as it regards the question of interest reserved, the court think that the agreement to pay ten per cent. interest, being against law, cannot be enforced. But the court will not disturb the payments of this interest which have been voluntarily made. A court of equity cannot decree a specific execution of a contract made in violation of law, or against the policy of the law.

The case [Pratt v. Carroll] 8 Cranch [12 U. S.] 477, relied on by the defendant's counsel, is where the party contracted to pay one hundred pounds damages for every lot not built upon, and the court decreed this sum. Now that was not where an illegal rate of interest was agreed to be paid on a certain contingency, but a fixed sum as damages for a failure to build. If this sum had been named as a penalty, its payment would not have been enforced in equity. But it was stipulated damages, fixed by the parties, as a sum to be paid on a breach of the contract. A contract thus made is binding on the parties, as well in a court of equity as at law.

The court direct that the legal rate of interest shall be calculated on the balance of the purchase money; and that the annual rents, from the time the defendant entered into the possession of the premises, be deducted therefrom. That the sum which the annual rents shall amount to, after discharging the purchase money and interest, shall be paid by the defendant to the complainant; and that the defendant shall convey to the complainant by a deed of general warranty the premises in question. The costs to be divided between the parties, on the ground that the complainant has, on various occasions, been permitted to amend his bill, &c.

[NOTE. The supreme court affirmed this decree upon appeal by defendant. Mr. Justice

Story delivered the opinion of the court, in which he held that time is of the essence of the contract, when made so either by express stipulation, or arising from implication, and even when not expressly or impliedly of the essence of the contract, yet gross negligence in performing the contract on his part, or laches, may defeat the right of recovery of one seeking specific performance. "But except under circumstances of this sort, or of analogous nature, time is not treated by courts of equity as of the essence of the contract; and relief will be decreed to the party who seeks it, if he has not been grossly negligent, and comes within a reasonable time, although he has not complied with the strict terms of the contract. But in all such cases the court expects the party to make out a case free from all doubt, and to show that the relief which he asks is, under all circumstances, equitable, and to account in a reasonable manner for his delay, and apparent omission of his duty. * * * In applying the doctrine above stated to the facts and circumstances of the present case, the first remark that occurs is that the first default was on the part of Taylor. By his contract he undertook to make a deed of general warranty of the premises in the course of three months after the date of the contract; the second installment not being payable until a long time afterwards." The learned justice considered that the delay on the part of Longworth was, under the circumstances of the case, excusable. The adverse claim of Chambers and wife, openly asserted, he considered of great weight, for, said the learned justice, "While it was known and pending, there is as little pretense to say that Longworth could be compelled to complete the contract on his side, or that he had not a right to lie by, and await the decision of the title, which thus hung, as a cloud, upon that of Taylor." 14 Pet. (39 U. S.) 172.]